IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00108-BNB

TIMOTHY HATTEN,

    Plaintiff,

v.

A. BARKER,
R. ANDERT,
J.C. HOLLAND,
BLAKE R. DAVIS,
D. YOUNG,
B.A. BLEDSOE,
D. MILLER,
MARNE BOYLE,
V. VISIL,
B. EISCHEN,
M. WACKER,
KEN EVERHARD,
S.P. YOUNG,
J. CRAMER,
GREGORY KIZZIAH,
J. CHAVEZ,
CARL LAFARGUE,
M. GUTIERREZ,
P. KISSELL,
R. LUND,
J. HARMON,
S. SNIDER,
J. MICIELLI,
S. HEATH,
W. ZEGARSKI,
J. ADIMI,
B. TRAZE,
KEITH A. MEZGER,
D. BREWER, and
K.A. PIERCE,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Timothy Hatten, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Mr. Hatten filed a *pro se* motion titled "Plaintiff's Motion for Reconsideration of this Court Ordered [sic] Entered Denying Plaintiff's Leave to Proceed In Forma Pauperis" on March 8, 2011.

The Court must construe the motion liberally because Mr. Hatten is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Hatten filed the motion to reconsider within twenty-eight days after the order denying him leave to proceed *in forma pauperis* was entered in this action. The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v.*

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion and the entire file, the Court concludes that the motion to reconsider should be denied.

Plaintiff initiated this action by filing a *pro se* civil rights complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On February 11, 2011, the Court entered an order denying Mr. Hatten leave to proceed *in forma pauperis* on the grounds that Mr. Hatten had received three or more strikes under § 1915(g). The Court further ordered Mr. Hatten to pay the entire $350.00 filing fee within thirty days if he wished to pursue his claims in this action.

Mr. Hatten now seeks reconsideration of the order denying him leave to proceed *in forma pauperis*. As grounds, Mr. Hatten alleges that the named Defendants have "conspired with each other to placed [sic] Plaintiff [sic] life under perilous ongoing imminent danger of serious injury from past incident." Motion to Reconsider at 3. Mr. Hatten again argues that he is currently incarcerated at the United States Penitentiary (USP) in Lewisburg, Pennsylvania, which is considered to be extremely dangerous. *Id.* at 5. Mr. Hatten further asserts that the named Defendants have violated BOP policy and are violating his due process rights based on their alleged conspiracy to place him at the USP Lewisburg.

The Court may not deny Mr. Hatten leave to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to meet the "imminent danger" requirement "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are insufficient, *see id.*, as are vague

3

and conclusory assertions of harm, **see White v. Colorado**, 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, the Complaint must therefore contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." **Martin v. Shelton**, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Mr. Hatten's allegation that USP Lewisburg is a dangerous facility and his belief that Defendants have engaged in a conspiracy to place him at the USP Lewisburg do not demonstrate "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Mr. Hatten has failed to demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Hatten has not asserted any of the major grounds that would justify reconsideration in his case, and the motion to reconsider will be denied. **See Servants of the Paraclete**, 204 F.3d at 1012. Mr. Hatten must pay the full $350.00 filing fee pursuant to 28 U.S.C. § 1914(a) if he wishes to pursue his claims in this action. The Court will provide Mr. Hatten additional time to submit the $350.00 filing fee, but Mr. Hatten is warned that his failure to pay within the time provided will result in the dismissal of this action without further notice. Mr. Hatten is warned that his failure to pay within the time provided will result in the dismissal of this action without further notice. Accordingly, it is

ORDERED that "Plaintiff's Motion for Reconsideration of this Court Ordered [sic] Entered Denying Plaintiff's Leave to Proceed In Forma Pauperis," (Doc. # 7) is DENIED. It is

FURTHER ORDERED that Mr. Hatten shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Mr. Hatten fails to pay the entire $350.00 filing fee within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee.

DATED at Denver, Colorado, this 17th day of March, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00108-BNB

Timothy Hatten
Reg No. 27993-004
USP – Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 17, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk