**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 7 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00108-BNB

TIMOTHY HATTEN,

      Plaintiff,

v.

A. BARKER,
R. ANDERT,
J.C. HOLLAND,
BLAKE R. DAVIS,
D. YOUNG,
B.A. BLEDSOE,
D. MILLER,
MARNE BOYLE,
V. VISIL,
B. EISCHEN,
M. WACKER,
KEN EVERHARD,
S.P. YOUNG,
J. CRAMER,
GREGORY KIZZIAH,
J. CHAVEZ,
CARL LAFARGUE,
M. GUTIERREZ,
P. KISSELL,
R. LUND,
J. HARMON,
S. SNIDER,
J. MICIELLI,
S. HEATH,
W. ZEGARSKI,
J. ADIMI,
B. TRAZE,
KEITH A. MEZGER,
D. BREWER, and
K.A. PIERCE,

      Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Timothy Hatten, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary (USP) in Lewisburg, Pennsylvania.  Mr. Hatten filed a *pro se* motion titled "Plaintiff's Petition for Reconsideration to Revoke and Rescind the Erroneous Order by Zita Leeson Weinhienk [sic] Alleged Senior Judge Entered Denying Plaintiff (IFP) Petition and Granted Plaintiff Extention [sic] of Thirty (30) Days to Pay Filing Fee" on March 8, 2011.    The Court must construe the motion to reconsider liberally because Mr. Hatten is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Hatten filed the motion to reconsider within twenty-eight days after the order denying him reconsideration was entered in this action.  The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v.*

2

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion and the entire file, the Court concludes that the motion to reconsider should be denied.

Plaintiff initiated this action by filing a *pro se* civil rights complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On February 11, 2011, the Court entered an order denying Mr. Hatten leave to proceed *in forma pauperis* on the grounds that Mr. Hatten had received three or more strikes under § 1915(g). The Court further ordered Mr. Hatten to pay the entire $350.00 filing fee within thirty days if he wished to pursue his claims in this action.

On March 8, 2011, Mr. Hatten filed his first motion to reconsider, asserting that the Court erroneously denied him leave to proceed *in forma pauperis*. In the first motion to reconsider, Mr. Hatten argued that the named Defendants had "conspired with each other to placed [sic] Plaintiff [sic] life under perilous ongoing imminent danger of serious injury from past incident" and that his current facility, the USP Lewisburg, is extremely dangerous. First Motion to Reconsider at 3.

The Court entered an order denying Mr. Hatten's first motion to reconsider on March 17, 2011. The Court noted that it could not deny Mr. Hatten leave to proceed *in forma pauperis* if he demonstrated that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). However, the Court found that Mr. Hatten's allegation that Defendants conspired to place him at the USP Lewisburg, which is a dangerous facility, did not demonstrate that Mr. Hatten was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3

Mr. Hatten filed the instant motion to reconsider on April 4, 2011.  In this second motion to reconsider, he again asserts that the order denying him leave to proceed *in forma pauperis* was erroneous.  He also asserts that the Court's rulings have been "unethical and unprofessional misconduct."  Second Motion to Reconsider at 2.  Mr. Hatten's second motion to reconsider does not assert any of the major grounds that would justify reconsideration in his case.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Instead, Mr. Hatten merely restates arguments that have already been addressed in the Court's February 11 Order denying him leave to proceed *in forma pauperis* and March 17 Order denying the first motion to reconsider.  Accordingly, the second motion to reconsider will be denied.

Mr. Hatten is directed that any additional motions which request reconsideration of the February 11 Order denying him leave to proceed *in forma pauperis* will be summarily denied.  The only proper filing at this time is the payment of the $350.00 filing fee.  Mr. Hatten has until April 18, 2011, to submit the $350.00 filling fee.  His failure to submit the filing fee will result in the dismissal of this action without further notice.  Accordingly, it is

ORDERED that "Plaintiff's Petition for Reconsideration to Revoke and Rescind the Erroneous Order by Zita Leeson Weinhienk [sic] Alleged Senior Judge Entered Denying Plaintiff (IFP) Petition and Granted Plaintiff Extention [sic] of Thirty (30) Days to Pay Filing Fee," (Doc. # 11) is DENIED.  It is

FURTHER ORDERED that if Mr. Hatten fails to pay the entire $350.00 filing fee within the time allowed, the complaint and the action will be dismissed without further

4

notice.  It is

FURTHER ORDERED that the only proper filing at this time is the payment of the

$350.00 filing fee.

DATED at Denver, Colorado, this  7th  day of _____April_____, 2011.

BY THE COURT:


   s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 11-cv-00108-BNB

Timothy Hatten
Reg No. 27993-004
USP – Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 7, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk